**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)**

| | |
|---|---|
| **In re**<br><br>**C.W. KELLER & ASSOCIATES, LLC., et al.,**<br><br>                                   **Debtors.** | **Chapter 11**<br><br>**Case No. 23-11357-CJP**<br><br>**(Jointly Administered)** |
| **CWK ASSOCIATES, LLC,**<br><br>                                   **Plaintiff,**<br><br>**v.**<br><br>**C.W. KELLER & ASSOCIATES, LLC, C.W. KELLER HOLDING COMPANY, and KEITH LOWEY, in his capacity as Trustee,**<br><br>                                   **Defendants.** | **Adv. Proc. No. 24-\_\_\_\_\_-CJP** |

**COMPLAINT**

CWK Associates LLC ("CWK") brings this complaint against C.W. Keller & Associates, LLC ("Associates"), C.W. Keller Holding Company, Inc. ("Holdings", and together with Associates the "Debtors") and Keith Lowey (the "Trustee"), solely in his capacity as the trustee for the liquidating trust for the Debtors' bankruptcy estates (the "Trust"), and in support of this complaint avers as follows:

**PARTIES**

1.      CWK is a Massachusetts limited liability company with an address of 2 Dukes Road, Wellesley, Massachusetts 02481.

1

831307

2. Associates is a Massachusetts limited liability company with an address of 29 Munroe Street, Newburyport, Massachusetts 01950.

3. Holdings is a Massachusetts limited liability company with an address of 29 Munroe Street, Newburyport, Massachusetts 01950.

4. The Trustee has a place of business in Massachusetts located at 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035. The Trustee is the trustee for the liquidating trust formed pursuant to the Debtors' confirmed plan of liquidation.

### JURISDICTION AND VENUE

5. This adversary proceeding arises in and relates to the above-captioned jointly administered bankruptcy cases.

6. The Court has jurisdiction over the parties to this action pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 1142, and Federal Rules of Bankruptcy Procedure 2020 and 3020.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

9. On August 24, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

10. Following the Petition Date (as defined below), the Debtors and CWK entered into an asset purchase agreement (the "APA") pursuant to which CWK purchased certain assets of the Debtors, including accounts receivable. Under the APA, CWK and the Debtors agreed to cooperate in the collection of the Debtors' accounts receivable, with the first $3.5 million of such receivable collections being remitted to the Debtors. CWK also purchased the Debtors' interests

831307

in certain executory contracts, which were to be assumed by the Debtors and assigned to CWK (collectively the "Assumed Contracts"). Prior to signing the APA, CWK conducted a careful analysis of the Debtors' executory contracts, and based its decision on which contracts to include in the Assumed Contracts on the expected profitability of such contracts.

11. The sale of the Debtors' assets to CWK (the "Sale") was approved by order dated October 25, 2023 [doc. no. 117], and closed on October 26, 2023 (the "Closing"), and the Assumed Contracts were assigned to CWK on that date.

12. Prior to the Closing, the Debtors over-billed amounts on projects for the Assumed Contracts for work that the Debtors knew, or should have known, would not be performed until after the Closing and the assignment of the Assumed Contracts. For the Assumed Contracts, the Debtors over-billed not less than $3,095,595.

13. In the APA, the Debtors represented that:

All accounts receivable of Seller that constitute Acquired Assets (a) are bona fide receivables incurred in the ordinary course of business, (b) are properly reflected on Seller's books and records in accordance with general accepted accounting principles and are net of reserves for bad debt and (c) are not subject to any counterclaim, or a claim for a chargeback, deduction, credit, set-off or other offset other than as reflected on Seller's financial statements by appropriate reserves against customer rebates, returns and other allowances.

APA §4.6.

14. The Debtors also issued credits on projects related to the Assumed Contracts but failed to promptly refund such amounts to its customers. Rather, they communicated to their customers that the customers could deduct such amounts from future billings after the Closing. For the Assumed Contracts, the Debtors issued improper credits of not less than $315,000.

831307

15. The Debtors confirmed a plan of liquidation that formed the Trust, and the Trustee was appointed as trustee of that trust. The Trust is the successor to the Debtors with respect to all parties' rights and claims against the Debtors.

16. The Debtors and/or the Trustee collected amounts from the Debtors' customers for work that was done (or will be done) by CWK and received the benefit of credits that have or will be honored by CWK. The Trustee is in possession of such funds. CWK also collected, and is holding, amounts from the Debtors' customers for work that was done (or will be performed) by CWK and has or will honor the credits issued by the Debtors.

### COUNT I – BREACH OF CONTRACT

17. CWK re-alleges and repeats the allegations above as though fully set forth herein.

18. CWK agreed to the APA based on its expectation that it would receive the benefits of the Assumed Contracts following the Closing.

19. The Debtors' actions in over-billing amounts and issuing improper credits under the Assumed Contracts would shift a material portion of the post-Closing benefit of the Assumed Contracts from CWK, the rightful owner of those contracts, to the Trust, as the successor of the Debtors.

20. The Debtors' actions have, therefore, denied CWK of the benefit of its bargain under the APA, and constitute a breach of the APA.

21. The Debtors' actions constitute a breach of the APA and a breach of the implied warranty of good faith and fair dealing that is part of the APA.

22. CWK has been damaged in an amount of not less than $3,410,595 by the Debtors' breaches of the APA.

### COUNT II – UNJUST ENRICHMENT

831307

23. CWK re-alleges and repeats the allegations above as though fully set forth herein.

24. The Trust and/or the Debtors have or will obtain possession of funds collected on account of over-billed amounts and improper credits. Such funds were or will be collected on account of the Assumed Contracts for goods and services that were not provided by the Debtors, but by CWK after the Closing.

25. The Debtors knew, or should have known, that CWK would provide the goods or services relating to the over-billed amounts and improper credits.

26. The Trust's retention of funds that have or will be collected on account of over-billed amounts and improper credits is against the fundamental principles of justice or equity and good conscience.

27. CWK is entitled to a declaration that all funds that have or will be collected on account of over-billed amounts and improper credits are the property of CWK and should be remitted to CWK.

## COUNT III – CONSTRUCTIVE TRUST

28. CWK re-alleges and repeats the allegations above as though fully set forth herein.

29. The Debtors and/or the Trust obtained or will obtain funds that were collected on account of the Assumed Contracts for goods and services that were not provided by the Debtors, but by CWK after the Closing.

30. At all times relevant to this complaint, the Debtors were acting as debtors-in-possession and were fiduciaries for their bankruptcy estates, creditors and parties in interest, including CWK.

31. The Debtors breached their fiduciary duty by over-billing receivables and issuing improper credits.

32. Any funds collected by the Debtors and/or the Trust as a result of the over-billings and/or improper credits are therefore held in trust for CWK.

### COUNT IV – DECLARATORY JUDGMENT

33. CWK re-alleges and repeats the allegations above as though fully set forth herein.

34. CWK asserts that neither the Debtors nor the Trust have any property interest in receivables or the proceeds of receivables arising from the Debtors' over-billings and improper credits. CWK asserts that none of the funds collected or to be collected on account of such over-billings and improper credits were property of the Debtors' bankruptcy estates nor are property of the Trust. Instead, such funds, whether in the possession of the Trust, the Debtors or CWK, constitute CWK's property.

35. Upon information and belief, the Trust believes that it has a property interest in the funds collected or to be collected on account of the Debtors' over-billings and improper credits.

36. An actual case in controversy exists within the meaning of section 2201 of title 28 of the United States Code. CWK is entitled to a declaration that all funds collected or to be collected on account of the Debtors' over-billings and improper credits constitute CWK's property, and should be paid to CWK.

**WHEREFORE**, CWK requests that the Court enter the following judgments in favor of CWK:

a. Pursuant to Count I, for breach of contract in an amount of not less than $3,410,595;

b. Pursuant to Count II, for unjust enrichment declaring that that all funds that have or will be collected on account of over-billed amounts and improper credits are the property of CWK and should be remitted to CWK;

    c.      Pursuant to Count III, imposing a constructive trust in favor of CWK with respect to all funds that the Trust has collected or will collect on account of over-billed amounts and improper credits;

    d.      Pursuant to Count IV, declaring that all funds collected or to be collected on account of the Debtors' over-billings and improper credits constitute CWK's property, and should be paid to CWK;

                              Respectfully submitted,

                              CWK Associates, LLC,
                              By its counsel,

                              */s/ D. Ethan Jeffery*
                              D. Ethan Jeffery (BBO #631941)
                              Murphy & King, Professional Corporation
                              28 State Street, Suite 3101
                              Boston, Massachusetts 02109
                              Telephone:  617.423.0400
                              Email: ejeffery@murphyking.com

Dated:  April 19, 2024

831307